UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACY JENKINS, as Personal Representative
of the Estate of THEODDEUS R. GRAY, Deceased

|  |  |
|---|---|
|  | Case No. 19-cv-10383 |
| Plaintiff, | Hon. David M. Lawson |

v.

OFFICER TOM PRICE, OFFICER JESSIE SMITH,
OFFICER JAMES ZIEMIECKI, OFFICER TREVOR HEAD,
OFFICER TRAVIS KAUFMAN and CITY OF ST. CLAIR SHORES,

Defendants.

| MOSS & COLELLA, P.C. | CUMMINGS, MCCLOREY, DAVIS & |
|---|---|
| BY:     A. VINCE COLELLA | ACHO, PLC |
| (P49747) | BY:     TIMOTHY S. FERRAND |
| VICTOR BALTA | (P39583) |
| (P77805) | Attorney for Defendants |
| Attorneys for Plaintiff | 19176 Hall Road, Suite 200 |
| 28411 Northwestern Hwy, | Clinton Township, MI 48038 |
| Suite 1150 | 586-228-5600/F: 586-228-5601 |
| Southfield, MI 48034 | tferrand@cmda-law.com |
| 248-945-0100/F: 248-945- | |
| 1801 | |
| vcolella@mosscolella.com | |
| | |
| STEVEN FISHMAN | |
| (P23049) | |
| Co-Counsel for Plaintiff | |
| 615 Griswold, Suite 1125 | |
| Detroit, MI 48226 | |
| 313-920-2001/F: 313-962- | |
| 8068 / sfish6666@gmail.com | |

<u>**PLAINTIFF'S MOTION TO COMPEL**</u>
<u>**RESPONSES TO PLAINTIFF'S FIRST**</u>
<u>**REQUESTS FOR PRODUCTION**</u>

NOW COMES Plaintiff, TRACY JENKINS, as Personal Representative of the Estate of THEODDEUS R. GRAY, Deceased, by and through her attorneys, MOSS & COLELLA, P.C., by A. VINCE COLELLA and states the following:

1. This matter arises from the shooting death of Theoddeus Gray on November 4, 2018.

2. On June 10, 2019, Plaintiff served *Plaintiff's Request for Production of Documents to the Defendant City of St. Clair Shores,* consistent with FRCP 34. **(Ex. A – Pl's 1st RFP).**

3. Upon request from Defendant, Plaintiff allowed an extension of time with which to reply until July 25, 2019. Defendant served late and incomplete responses to Plaintiff on August 2, 2019. **(Ex. B – Def's Resp to Pl's 1st RFP).**

4. Within its discovery responses, Defendant indicated "The applicable policy(-ies) will be provided" for each of the requests listed below:

   a. A complete copy of any and all use-of-force polices in effect at the time of the incident in this matter. **(Ex. B, ¶ 5);**

   b. Copies of the policies and procedures relative to the writing of incident and/or investigation reports in effect on the date of the subject incident. **(Ex. B, ¶ 7);**

   c. Copies of the policies and procedures relative to the securement, preservation and processing of a crime scene in effect on the date of the subject incident. **(Ex. B, ¶ 8);**

5. Discovery was subsequently extended twice by Order of this Court, through January 27, 2021. **(Ex. C - Order December 21, 2020).**

6. On October 7, 2020, Plaintiff's counsel sent a letter to Defense counsel requesting the outstanding discovery documents. **(Ex. D – Correspondence).**

7. On October 30, 2020, Plaintiff's counsel sent a follow-up email to Defense counsel. **(Ex. D).**

8. In a phone conversation with Plaintiff's counsel in November or December 2020, Defense counsel indicated that he would send the outstanding discovery documents to Plaintiff's counsel.

9. On February 23, 2021, Plaintiff's counsel sent another letter to Defense counsel requesting the outstanding discovery documents. **(Ex. D).**

10. On February 26, 2021, Plaintiff's counsel again requested the outstanding discovery documents via email. Defense counsel did not respond.

11. To date, Defendant has neglected to produce the requested discovery documents; at no time has Defendant objected to their production nor has Defendant indicated that they are exempt due to privilege.

12. Plaintiff's discovery requests are within the scope of FRCP 26(b)(1), which states as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

13. Plaintiff brings the instant motion pursuant to FRCP 37(a)(3)(B)(iv), which states that a motion to compel is appropriate where "a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34."

14. Concurrence in this motion was sought pursuant to E.D. Mich Local Court Rule 7.1 on February 27, 2021 and no response was received. **(Ex. E – Correspondence re: LR 7.1).**

15. Plaintiff respectfully requests the following relief:

   a. That Defendant City of St. Clair Shores be compelled to produce copies of use-of-force polices in effect at the time of the incident in this matter.

   b. That Defendant City of St. Clair Shores be compelled to produce copies of the policies and procedures relative to the writing of incident and/or investigation reports in effect on the date of the subject incident.

   c. That Defendant City of St. Clair Shores be compelled to produce Copies of the policies and procedures relative to

the securement, preservation and processing of a crime scene in effect on the date of the subject incident.

d. If Defendant fails to produce the requested discovery documents in violation of any court order requiring same, Plaintiff respectfully requests that the Court impose sanctions under FRCP 37(b)(2).

WHEREFORE, Plaintiff, TRACY JENKINS, as Personal Representative of the Estate of THEODDEUS R. GRAY, Deceased, respectfully requests that this Honorable Court grant her the relief identified above and any additional relief this Honorable Court deems just.

Respectfully Submitted,

MOSS & COLELLA, P.C.

BY: /s/ A. Vince Colella
A. VINCE COLELLA (P49747)
Attorney for Plaintiff
28411 Northwestern Hwy
Suite 1150
Southfield, MI 48034
(248)-945-0100
DATED: March 2, 2021              vcolella@mosscolella.com

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACY JENKINS, as Personal Representative
of the Estate of THEODDEUS R. GRAY, Deceased

|  |  |
|---|---|
|  | Case No. 19-cv-10383 |
| Plaintiff, | Hon. David M. Lawson |

v.

OFFICER TOM PRICE, OFFICER JESSIE SMITH,
OFFICER JAMES ZIEMIECKI, OFFICER TREVOR HEAD,
OFFICER TRAVIS KAUFMAN and CITY OF ST. CLAIR SHORES,

Defendants.

| | |
|---|---|
| MOSS & COLELLA, P.C.<br>BY:    A. VINCE COLELLA<br>          (P49747)<br>          VICTOR BALTA<br>          (P77805)<br>Attorneys for Plaintiff<br>28411 Northwestern Hwy,<br>Suite 1150<br>Southfield, MI 48034<br>248-945-0100/F: 248-945-1801<br>vcolella@mosscolella.com | CUMMINGS, MCCLOREY, DAVIS &<br>ACHO, PLC<br>BY:    TIMOTHY S. FERRAND<br>          (P39583)<br>Attorney for Defendants<br>19176 Hall Road, Suite 200<br>Clinton Township, MI 48038<br>586-228-5600/F: 586-228-5601<br>tferrand@cmda-law.com |
| STEVEN FISHMAN<br>(P23049)<br>Co-Counsel for Plaintiff<br>615 Griswold, Suite 1125<br>Detroit, MI 48226<br>313-920-2001/F: 313-962-8068 / sfish6666@gmail.com | |

7

## BRIEF IN SUPPORT OF
## PLAINTIFF'S MOTION TO COMPEL
## RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR
## PRODUCTION

## ISSUES PRESENTED

Should the Court compel Defendant City of St. Clair Shores to produce responsive documents to Plaintiff's First Requests for Production, where the requested discovery is relevant to the claims and defenses in this matter, and to which Defendant has asserted no valid objections nor claim of privilege?

Plaintiff answers Yes.

## MOST CONTROLLING AUTHORITY

Fed.R.Civ.P. 26, 37

<u>INTRODUCTION AND STATEMENT OF FACTS</u>

The facts of this case are well known to the Court. On November 4, 2018, Plaintiff's decedent Theoddeus Gray was fatally shot by the Defendant officers, members of the police force of Defendant City of St. Clair Shores. As Plaintiff has alleged, the fatal shooting was an unreasonable and excessive use of force by Defendants.

On June 10, 2019, Plaintiff served *Plaintiff's Request for Production of Documents to the Defendant City of St. Clair Shores,* consistent with FRCP 34. **(Ex. A – Pl's 1st RFP).** Upon request from Defendant, Plaintiff allowed an extension of time with which to reply until July 25, 2019. Defendant served late and incomplete responses to Plaintiff on August 5, 2019. **(Ex. B – Def's Resp to Pl's 1st RFP).** Within its discovery responses, Defendant indicated "The applicable policy(-ies) will be provided" for each of the requests listed below:

    a. A complete copy of any and all use-of-force polices in effect at the time of the incident in this matter. **(Ex. B, ¶ 5).**

    b. Copies of the policies and procedures relative to the writing of incident and/or investigation reports in effect on the date of the subject incident. **(Ex. B, ¶ 7).**

    c. Copies of the policies and procedures relative to the securement, preservation and processing of a crime scene in effect on the date of the subject incident. **(Ex. B, ¶ 8).**

Discovery was subsequently extended twice by Order of this Court, through January 27, 2021. **(Ex. C – Order December 21, 2020).** On October 7, 2020, Plaintiff's counsel sent a letter to Defense counsel requesting the outstanding discovery documents. **(Ex. D – Correspondence).** On October 30, 2020, Plaintiff's counsel sent a follow-up email to Defense counsel. **(Ex. D).** In a phone conversation with Plaintiff's counsel in November or December 2020, Defense counsel indicated that he would provide the outstanding discovery documents to Plaintiff's counsel. Again, on February 23, 2021, Plaintiff's counsel sent another letter to Defense counsel requesting the outstanding discovery documents. **(Ex. D).** On February 26, 2021, Plaintiff's counsel again requested the outstanding discovery documents via email. Defense counsel did not respond. To date, the Defendant has failed to provide the outstanding discovery documents, necessitating the instant motion.

## LEGAL ARGUMENT

### A. PLAINTIFF'S DISCOVERY REQUESTS ARE WITHIN THE SCOPE OF FRCP 26

FRCP 26(b)(1) states as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

The federal discovery rules are to be construed broadly, as discovery is designed to help define and clarify the issues in a case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Therefore, discovery under the federal rules has traditionally been quite broad. *Lewis v. ACB Business Servs., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998).

The requested discovery documents are relevant to the underlying action. This is a case alleging excessive force by Defendants that resulted in the death of Plaintiff's decedent. Policy and procedure manuals establish the foundation for department operations and provide staff and officers with requirements regarding their duties and actions across

various law enforcement scenarios. Therefore, any policy and procedure manuals, in effect at the time of incident, have the tendency to provide information directly related to pertinent issues in this case, including use of force, the writing of incident and/or investigation reports, and the securement, preservation and processing of a crime scene. All of these activities are relevant to the subject incident. As a key issue in this case is the deviation from the standard of care with regard to Plaintiff's decedent, such documents have the tendency to help define and clarify the issues in this case. Furthermore, as FRCP 26 states, the admissibility of such information is not an issue, and materials may be discoverable even if not admissible in court.

### B. THE COURT SHOULD COMPEL DEFENDANT TO PRODUCE THE REQUESTED DISCOVERY DOCUMENTS

FRCP 37(a)(3)(B)(iv) states that a motion to compel is appropriate where "a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34." If a party fails to respond to discovery, or if a party's discovery response is evasive or incomplete, the requesting party may move for an order compelling discovery. FRCP 37(a)(3) – (4).

While Defendant represented that the "applicable policy(-ies) will be provided," despite the passage of months of discovery and exchanges of correspondence, Plaintiff has not received the discovery documents. Furthermore, Defendant failed to object to the Plaintiff's requests within the 30 days provided to answer the Requests for Production. Failure to object to discovery requests within the 30 days provided by Rule 34 constitutes a waiver of any objection. *Carfagno v. Jackson National Life Ins. Co.*, No. 99-118, 2001 U.S. Dist LEXIS 1768, 2001 WL 34059032 (WD Mich 2001).[1] Similarly, the Defendant has made no claim of privilege regarding the subject discovery documents. Therefore, Defendant should be compelled to produce the requested documents.

In the event that Defendant continues to evade production of the requested discovery documents and / or violates any discovery order issued by the Court, Plaintiff requests that the Court consider further sanctions under FRCP 37, including (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence.

---

[1] The unpublished case is attached as **Exhibit F.**

## CONCLUSION

Given the above facts and law, it is within the Court's discretion to enter an Order compelling the production of the discovery documents from Defendant as described above. Furthermore, Plaintiff respectfully requests that this Honorable Court grant such further relief as is reasonable and proper under the circumstances.

Respectfully Submitted,

MOSS & COLELLA, P.C.

BY:  /s/ A. Vince Colella
A. VINCE COLELLA (P49747)
Attorney for Plaintiff
28411 Northwestern Hwy
Suite 1150
Southfield, MI 48034
(248)-945-0100
DATED: March 2, 2021         vcolella@mosscolella.com

16

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACY JENKINS, as Personal Representative
of the Estate of THEODDEUS R. GRAY, Deceased

                                     Case No. 19-cv-10383
       Plaintiff,               Hon. David M. Lawson

v.

OFFICER TOM PRICE, OFFICER JESSIE SMITH,
OFFICER JAMES ZIEMIECKI, OFFICER TREVOR HEAD,
OFFICER TRAVIS KAUFMAN and CITY OF ST. CLAIR SHORES,

       Defendants.

| | |
|---|---|
| MOSS & COLELLA, P.C.<br>BY:    A. VINCE COLELLA<br>       (P49747)<br>       VICTOR BALTA<br>       (P77805)<br>Attorneys for Plaintiff<br>28411 Northwestern Hwy,<br>Suite 1150<br>Southfield, MI 48034<br>248-945-0100/F: 248-945-1801<br>vcolella@mosscolella.com<br><br>STEVEN FISHMAN<br>(P23049)<br>Co-Counsel for Plaintiff<br>615 Griswold, Suite 1125<br>Detroit, MI 48226<br>313-920-2001/F: 313-962-8068 / sfish6666@gmail.com | CUMMINGS, MCCLOREY, DAVIS &<br>ACHO, PLC<br>BY:   TIMOTHY S. FERRAND<br>      (P39583)<br>Attorney for Defendants<br>19176 Hall Road, Suite 200<br>Clinton Township, MI 48038<br>586-228-5600/F: 586-228-5601<br>tferrand@cmda-law.com |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 2, 2021, I electronically filed Plaintiff's Motion to Compel Responses to Plaintiff's First Requests for Production, Brief in Support of Plaintiff's Motion to Compel Responses to Plaintiff's First Requests for Production and this Certificate of Service with the Clerk of the Court using the ECF filing system, which will send notification of such filing to all parties of record, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: None.

/s/ Wendy S. Bush
Wendy S. Bush